UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELYSSA D. ANDREWS,            Plaintiff,   v.   JO ANNE B. BARNHART, Commissioner of Social Security,            Defendant. | No. CV-05-0086-CI   ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 8, 12), submitted for disposition without oral argument on November 17, 2005. Attorney Clifford King B'Hymer represents Plaintiff; Special Assistant United States Attorney Jeffrey H. Baird represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 3.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment for Defendant.

Plaintiff, 26-years-old at the time of the administrative decision, protectively filed an application for Social Security disability and Supplemental Security Income benefits (SSI) on November 30, 2001, alleging disability as of December 2000 due to a

seizure disorder. (Tr. at 21.) Previously, Plaintiff was awarded benefits on June 24, 1994, but those benefits ceased effective December 2000, when it was determined her condition had improved and she was capable of performing work activity.[1]

Plaintiff, who completed a bachelor's degree in family and child services, had past work experience as a keno runner, youth counselor technician, mental health counselor, and cashier. Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Richard Hines (ALJ). The ALJ denied benefits; review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

### ADMINISTRATIVE DECISION

The ALJ concluded had not engaged in substantial gainful activity and had a severe seizure disorder, but the impairment did not meet the Listings. The ALJ rejected Plaintiff's testimony as not fully credible. (Tr. at 31.) The ALJ concluded Plaintiff retained the residual capacity to perform all work activity and could perform her past relevant work. Thus, the ALJ found there was no disability.

### ISSUES

The question presented is whether there was substantial

---

[1] Although Plaintiff requested reconsideration of the cessation of her benefits, she did not appear at the administrative hearing; the ALJ's decision was entered the day following her nonappearance, dated April 25, 2001. (Tr. at 67, 69.) The new application filed in November 2001 followed.

1 evidence to support the ALJ's decision denying benefits and, if so,
2 whether that decision was based on proper legal standards.
3 Plaintiff raises only one issue: That this court remand the
4 captioned matter for consideration of new and material evidence
5 obtained from the Swedish Medical Center after the ALJ denied
6 benefits.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

Plaintiff asserts the matter should be remanded for additional proceedings to consider new and material evidence, medical findings following an examination at Swedish Medical Center in Seattle. Those findings revealed significant discrepancy between verbal abilities and nonverbal, visuospacial, visuomotor integration and problem solving abilities, suggestive of a right hemisphere dysfunction and non-dominant focus of cerebral dysfunctions. Thus, Plaintiff contends epilepsy, as well as cognitive difficulties, warrant an award of disability benefits. Defendant objects to a remand, contending the evidence is cumulative and does not take into account the completion of a bachelor's degree while suffering from the mental limitations noted at Swedish.

Ordinarily, this court reviews only the ALJ's decision since,

after denial of review by the Appeals Council, the ALJ's decision becomes the final agency decision. 20 C.F.R. § 416.1481. However, when the claimant submits evidence after the ALJ's decision and the Appeals Council specifically considers that evidence, "we consider the rulings of both the ALJ and the Appeals Council," and the record for review includes the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993); 20 C.F.R. § 404.970(b) (providing the Appeals Council shall evaluate the entire record, including new relevant evidence); *see also Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000); *Bates v. Sullivan*, 894 F.2d 1059, 1063-64 (9th Cir. 1990). Here, the Appeals Council considered the medical reports from Swedish Medical Center and denied review. (Ct. Rec. 10.) If this court disagrees with the Appeals Council and finds the new evidence to be material, then the cause must be remanded to the ALJ for re-consideration. *Booz v. Secretary of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984). New evidence is material if there is a "reasonable possibility" that it would have changed the outcome of the administrative proceedings. *Id.*

Here, the psychological assessment by Alan Haltiner, Ph.D., dated January 5 and 7, 2004, indicated right hemisphere dysfunction. (Tr. at 462.) However, Dr. Haltiner recommended clinical correlation of that impairment, particularly in view of EEG studies in 2001 and 2002 suggesting abnormalities in the left cerebral hemisphere. (Tr. at 364, 464.) The new findings also were in conflict with other treatment records and Plaintiff's accomplishments during the time at issue; thus, it was not dispositive as to the issue of disability. The Appeals Council may reject newly submitted medical evidence dated after the ALJ's

decision that is inconsistent with treatment records from the relevant time period. *Bates v. Sullivan*, 894 F.2d 1059, 1064 (9th Cir. 1990). Additionally, there was no opinion provided as to onset date of the right hemisphere dysfunction and whether the impairment was relevant to the date of the application at issue – 2000. See 20 C.F.R. § 404.970(b) ("Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision"). Thus, there is no "reasonable probability" the 2004 test results would have changed the outcome of the administrative proceedings. Rather, the test results more appropriately would provide support for a new application. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 8)** is **DENIED.**

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 12)** is **GRANTED**; Plaintiff's Complaint and claims are **DISMISSED WITH PREJUDICE.**

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Defendant.

DATED December 5, 2005.


              S/ CYNTHIA IMBROGNO
         UNITED STATES MAGISTRATE JUDGE